# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**GREGORY HILLIE**                                                                 **PLAINTIFF**

**V.**                                   **CIVIL ACTION NO.:4:08CV70-SA-DAS**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**                **DEFENDANT**

## REPORT AND RECOMMENDATION

Before the Court are Gregory Hillie's *pro se* motion for leave to proceed as a pauper and his complaint submitted pursuant to 42 U.S.C. 1983.

At the time of the injuries complained of in the complaint, Hillie was an inmate incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi. The complaint accuses the Mississippi Department of Corrections (hereinafter "defendant") of reckless disregard for the safety and well-being of Hillie, who allegedly sustained injuries as a result of defendant's failure to provide safe showering accommodations. Specifically, the complaint alleges that sometime on May 28, 2005, Hillie, who was confined to a wheelchair, received help getting into the shower from another inmate. According to the complaint, the shower facility was not equipped to accommodate Hillie, who is a paraplegic. During the course of the shower, the water became extremely hot, and Hillie could not regulate the temperature or turn the shower off due to missing knobs. Hillie claims that despite his yells for help, no one was there to aid him until the other inmate returned and removed him from the shower. Hillie reported the incident to Officer Jones who called the hospital. According to the complaint, Officer Jones was instructed by Nurse Tucker to put ice on Hillie's burns. Hillie waited in a holding tank for 1 ½ to 2 hours

before he was taken to the prison hospital. The complaint states that Hillie waited at the hospital for one hour before a nurse checked his vital signs. Thereafter, he was taken back and forth to the prison clinic for a period of two to three days, presumably for treatment. The complaint states that on June 1, 2005, four days after the incident, Hillie was finally admitted to a hospital where he stayed for 42 days. Upon release from the hospital, plaintiff continued to receive outpatient treatment. Hillie claims that he sustained second degree burns on both legs because defendant failed to repair the shower. He further claims that because no guard or attendant was on duty in the shower area, he was trapped with no means to leave.

After due consideration, the Court finds that the complaint fails to state a valid § 1983 claim. First, Hillie has failed to state a claim of constitutional dimension with respect to his safety claim. In order to state a valid safety claim, Hillie must first show that he was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (citations omitted). Second, he must show that prison officials acted or failed to act with "deliberate indifference" to his health or safety. *Id.* (citations omitted). In this context, "deliberate indifference" means that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; and he must also draw the inference." *Id.* at 837. "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex*, 245 F.3d 447, 459 (5th Cir. 2001). In this case, Hillie has failed to allege any facts indicating that any prison official was deliberately indifferent to his safety needs. Indeed, his

2

allegations that the shower was in disrepair and that no guard was posted rise to the level of negligence claims at best.

Likewise, Hillie has failed to state a valid § 1983 claim with respect to his allegations of inadequate medical treatment. In order for a plaintiff to prevail on an Eighth Amendment claim for delay or denial of adequate medical care, he must allege facts which demonstrate "deliberate indifference to . . . [a] serious medical need[] . . . [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution. *Estelle*, 429 U.S. at 105. Nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985). Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir.1991); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993)("negligent medical care does not constitute a valid section 1983 claim.").

Again, Hillie has failed to allege any facts indicating that prison officials were deliberately indifferent to his medical needs. By his own admission, prison officials responded to his medical needs immediately after he reported the incident. It is obvious that he feels that prison officials should have done more in response to his medical situation; however,

dissatisfaction with medical treatment does not state a valid § 1983 claim.

For the foregoing reasons, the undersigned is of the opinion that allowing Hillie to proceed further with this action would be futile. Therefore, because an *in forma pauperis* complaint may be dismissed at any time if it is determined that the action fails to state a claim for which relief can be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), it is my recommendation that the complaint be dismissed.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 19th day of August, 2008.

                                              **/s/ David A. Sanders**
                                              **UNITED STATES MAGISTRATE JUDGE**