IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GREGORY HILLIE                                                                                PLAINTIFF

v.                                                                                         No. 4:08CV70-A-S

MISSISSIPPI DEPARTMENT OF CORRECTIONS, ET AL.                          DEFENDANTS

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Upon consideration of the file and records in this action, the court finds that the Report and Recommendation of the United States Magistrate Judge dated August 19, 2008, was on that date duly served by mail upon the *pro se* plaintiff at his last known address; that more than ten days have elapsed since service of the Report and Recommendation; and that no objection to the Report and Recommendation has been filed or served by any party. The court is of the opinion that the Magistrate Judge's Report and Recommendation should be approved and adopted as the opinion of the court.

The plaintiff has filed motions to obtain appointed counsel to represent him in this case and to extend the deadline for filing objections to the Magistrate Judge's Report and Recommendation. Both motions shall be denied.

### Appointment of Counsel

There is no automatic right to counsel in a § 1983 case. *Wright v. Dallas County Sheriff's Department*, 660 F.2d 623, 625-26 (5th Cir. 1981); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Unless there are "exceptional circumstances," a district court is not required to appoint counsel to represent indigent plaintiffs in a civil action. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *see also*, *Feist v. Jefferson County Commissioners Court*, 778 F.2d 250, 253 (5th Cir. 1985). The court may base a decision whether to appoint counsel on many factors, including:

(1) the type and complexity of the case;
(2) the indigent's ability adequately to present and investigate his case;
(3) the presence of evidence which largely consists of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses; and
(4) the likelihood that appointment will benefit the indigent, the court, and the defendants by shortening the trial and assisting in just determination.

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (citation omitted); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

This court should make specific findings on each of the *Ulmer* factors. *Jackson v. Dallas Police Dept.*, 811 F.2d 260, 262 (5th Cir. 1986). The first factor is the type and complexity of the case. A thorough, liberal review and construction of the pleadings, as mandated by *Haines v. Kerner*, 404 U.S. 519 (1972), reveals that there are no complex issues to be decided in the instant case. The claim is that the defendants left Hillie, who is confined to a wheelchair, in the shower, that the water became extremely hot, and that Hillie could not escape the hot water before he suffered second-degree burns. These claims involves "matters that happened to [plaintiff] personally," and there is nothing to suggest that plaintiff might not be able to represent himself adequately. *See Branum v. Chambless,* 250 Fed. Appx. 99, 104, 2007 WL 2909620, at 3 (Oct. 8, 2007). The fact that there are few defendants further reduces the danger that the number of defendants might complicate the otherwise straightforward issues.

The court must also consider whether the indigent plaintiff is capable of adequately presenting his case without the assistance of counsel. The plaintiff has demonstrated his ability to file competent pleadings with this court, including the instant motion for appointment of counsel and the complaint itself. Hence, this factor does not weigh in favor of appointment of counsel.

Finally, the facts of this case do not call for extraordinary skills in cross-examination or the presentation of evidence. After a review of the pleadings, the court concludes that plaintiff is

sufficiently capable of presenting his claims without the assistance of an attorney. There are no "exceptional circumstances" in this case which warrant the appointment of counsel because the crucial issues at trial will be the resolution of factual questions, such as the circumstances surrounding the alleged violation, and application of the prevailing law. As discussed in the Magistrate Judge's Report and Recommendation, the plaintiff has alleged only negligent behavior on the part of the defendants, and negligence does not rise to the level of a constitutional violation. Thus, the issues in this case would not be further sharpened by appointment of counsel to represent plaintiff. For these reasons, the plaintiff's motion for appointment of counsel shall be denied.

### Extension of Deadline to Object to the Magistrate Judge's Report and Recommendation

The Magistrate Judge issued the Report and Recommendation in this case on August 19, 2008. The plaintiff requested an extension of the deadline to object to the Report and Recommendation on September 9, 2008. The court granted that motion and extended the deadline to December 17, 2008. The plaintiff requested another extension on December 19, 2008, and the court again extended the deadline for objection to January 23, 2009. The plaintiff has requested a third extension of the deadline to object to the Magistrate Judge's August 19, 2008, Report and Recommendation. The court shall deny this third request. In each of his requests, the plaintiff argues that he is searching for an attorney to represent him in this case. The plaintiff has, however, continued a fruitless search for representation for six months. This is more than enough time for the plaintiff to obtain representation. For this reason, the plaintiff's request for a third extension of the deadline to object to the Report and Recommendation in this case shall be denied.

It is, therefore **ORDERED**:

1. That the Report and Recommendation of the United States Magistrate Judge dated August 19, 2008, is hereby **APPROVED AND ADOPTED** as the opinion of the court.

2. That the instant case is hereby **DISMISSED** for failure to state a claim upon which relief could be granted.

3. That the plaintiff's motion [5] to appoint counsel is hereby **DENIED**.

4. That the plaintiff's third motion [11] to extend the deadline for objecting to the Magistrate Judge's Report and Recommendation is hereby **DENIED.**

5. That this case is **CLOSED**.

THIS, the __6th__ day of March, 2009.

                                        /s/ Sharion Aycock
                                        **U. S. DISTRICT JUDGE**